# Case No. 13,206.

## The SPARK v. LEE CHOI CHUM.

### [1 Sawy. 713.] [1]

Circuit Court, D. California. Feb. 29, 1872.

AMBASSADORS AND CONSULS — COURTS — APPEALS FROM—CITATION—PARTIES—IN NAME OF VESSEL—OF FIRM—CLAIM.

1. In cases of appeal from the consular and ministerial courts of China and Japan to the circuit court of the United States for the district of California, the record on appeal must show an allowance of the appeal.

[Cited in Tazaymon v. Twombley, Case No. 13,810.]

2. A citation is necessary unless the appeal is allowed in open court. Query: whether a citation is not always necessary, if the consular court has once adjourned after rendering a decree, there being no terms of such courts.

[Cited in Tazaymon v. Twombley, Case No. 13,810.]

3. An appeal, or writ of error, in the name of a steamboat, or any other than that of a human being, or some corporate or associated aggregation of persons, cannot be sustained.

4. So, also, appeals in the name of a firm without stating the names of the individuals composing the firm, are nugatory.

---

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

5. No one but a party, in some form, to the action can appeal, or can be heard in any stage of the proceedings in the court below.

6. The party seeking to defend, in a proceeding in rem, in instance causes in courts exercising admiralty jurisdiction, must file a claim to the property libelled.

7. The claim must be filed by the owner, or some authorized agent, and must state the facts in a direct issuable form, and not by way of recitals. Course of proceedings indicated.

8. The consular court is a court of limited jurisdiction, and all the jurisdictional facts must be alleged in the libel or petition, otherwise it will be insufficient.

[Cited in Kentucky Silver Min. Co. v. Day, Case No. 7,719.]

Motion to dismiss appeal from a decree of the consular court of Canton, in the empire of China, in a case of collision.

Milton Andros, for appellant.

B. S. Brooks, for appellee.

SAWYER, Circuit Judge. This is an appeal from a judgment of the consular court of Canton, in the empire of China, in a proceeding in admiralty against the steamer Spark, for damages resulting from a collision with a Chinese junk owned by the petitioners, or libellants. The proceedings were had, and appeal taken, under the act of congress of June 22, 1860, and the amendatory act of July 1, 1870, giving to this court appellate jurisdiction in certain cases from the consular and ministerial courts of China and Japan. 12 Stat. 72; 16 Stat. 183, 184. The fifth section of the latter act, is as follows, to wit:

"Sec. 5. And be it further enacted, that where the matter in dispute, exclusive of costs, exceeds the sum of two thousand five hundred dollars, an appeal shall be allowed to the circuit court for the district of California; and upon such appeal a transcript of the libel, bill, answer, depositions, and all other proceedings in the cause shall be transmitted to the circuit court; and no new evidence shall be received on the hearing of the appeal; and the appeal shall be subject to the rules, regulations and restrictions prescribed in law for writs of error from district courts of the United States." A judgment having been entered by the consular court against the steamer Spark, for the sum of $6,005.32, an appeal has been taken on behalf of the defendant.

The appellees move to dismiss the appeal for numerous irregularities, only three or four of which will be noticed. It is objected, that the record shows no order allowing the appeal, and no citation to the appellees. The section cited, it will be seen, provides, that, "appeals shall be subject to the rules, regulations and restrictions prescribed in law for writs of error from district courts of the United States."

The twenty-second section of the judiciary act of 1789 (1 Stat. 84) provides, that final

decrees and judgments of the district courts in civil actions, "may be re-examined, and reversed or affirmed in a circuit court, * * * upon a writ of error, whereto shall be annexed and returned therewith, at the day and place therein mentioned, an authenticated transcript of the record, assignment of errors and prayer for reversal, with a citation to the adverse party signed by the judge of such district court, or a justice of the supreme court, the adverse party having, at least, twenty days notice." The same section has a similar provision for writs of error from the supreme to the circuit court to review the judgments and decrees of the latter. And the twenty-fifth section has provisions in similar language for reviewing the decisions of the highest state courts in certain cases by the supreme court of the United States. The construction of these latter provisions, and, consequently, the construction of the similar provision relative to writs of error from the circuit to the district courts, has been settled by the supreme court of the United States. Thus, in the very late case of Gleason v. Florida, 9 Wall. [76 U. S.] 783, the supreme court say: "But on looking into the record, we find no allowance of the writ. And this has been repeatedly held to be essential to the exercise by this court of reviewing jurisdiction over final judgments or decrees by the courts of the states."

So, in Hartford Fire Ins. Co. v. Van Duzer, the writ was dismissed because no allowance of the writ appeared in the record, the chief justice, delivering the opinion of the court, "that such allowance was indispensable to the jurisdiction of the court in error to review the judgment of the highest court of the state." 9 Wall. [76 U. S.] 784. So, an appeal from the supreme court of the District of Columbia was dismissed by the supreme court of the United States, because there was "no evidence in the record of any allowance of appeal; and without an allowance this court cannot acquire jurisdiction." Pierce v. Cox, Id. 787. See, also, Edmonson v. Bloomshire, 7 Wall. [74 U. S.] 312. This settles the construction of the act of congress relating to writs of error, and appeals from the United States district courts, and as the same rules and regulations are made applicable to appeals from the consular courts of China, it settles the point in this case. The record shows no allowance of an appeal, and no citation, the latter being necessary also, if the order allowing an appeal is not made in open court. This is implied, at least, from the case of Pierce v. Cox, supra, if a citation is not waived by appearance of the appellee. And it is expressly required by the provisions of the statute quoted.

It is claimed, also, that this appeal, if taken at all, must have been taken out of court, as the petition for an appeal bears date several days after the date of the judgment; and it is claimed, that there are no terms in the con-

sular court, under the statute, and that as soon as judgment is entered, and the court for that occasion has adjourned, it is no longer an open court, with reference to that case, and all subsequent allowances of appeals, must, necessarily, be made out of court with respect to that case. Numerous authorities are cited to the point, but it is unnecessary now to determine it, upon the view taken, upon other objections. It will be the safer practice to issue and serve a citation.

Another formidable objection is, that no appeal has been taken in the case; that the appeal, if any there is, is taken in the name of the steamer Spark—the only defendant in the case; and that no appeal can be taken in the name of an inanimate object—the res when the action is in rem.

The supreme court of the United States in the recent case of "The Burns," held, that a writ of error, or appeal, cannot be sustained in the name of a steamboat, or any other than a human being, or some corporate or associated aggregation of persons. 9 Wall. [76 U. S.] 237–240. The writ of error was dismissed on the ground indicated.

The petition for an appeal in this case is entitled, Lee Choi Chum v. The Spark, and it proceeds: "And now comes the said defendant in the above entitled cause, by George B. Dixwell, his agent, and files this petition on appeal, and sheweth, that the said consular court did, on the twenty-fourth day of August, A. D. 1871, enter a judgment in the cause against the defendant, in favor of the plaintiff for the sum of $6,005.32, and the said defendant appeals from the judgment of the said consular court to the circuit court of the United States, for the district of California, etc. * * * Wherefore the defendant prays that proceedings," etc. This is an appeal by, and in the name of the ship and nothing more. The ship purports to be the appellant, and it is in fact the only defendant in the case. The case cited is conclusive on this question. The petition for an appeal is signed, "Geo. Basil Dixwell, for self, and the firm of Augustine Heard & Co.," but this does not make either of these persons parties to the appeal, or even to the action. The body of the petition shows that it is, "the defendant in the above entitled cause by George B. Dixwell," that files the petition, but neither Dixwell nor Augustine Heard & Co., was a defendant.

They were not sued, and they never put in a claim as owner, or otherwise, so far as the record shows, and never filed any pleading in the case by which they became parties. They do not purport to appeal, nor were they in a condition to entitle them to appeal. If they had been parties, and had appeared as such in the name of "Augustine Heard & Co.," they would still be met by another decision of the supreme court, that an appeal in that name, style and form would be nugatory. In the case of The Protector, 11 Wall. [78 U.

S.] 82, an "appeal was dismissed" because taken in the name of "William A. Freeborn & Co.," without setting out the names of the parties constituting the firm, the court holding, that "no difference existed between writs of error and appeals, as to the manner in which the names of parties should be set forth," and that this defect had always been held fatal in cases of writs of error. But the appeal is not taken by these parties or any other, except "the steamer Spark," the only defendant in the case.

In fact there is no other party to the record, and, consequently, none other, who could take the appeal. A person, who is not a party in some form, cannot interfere by way of appeal, or otherwise. There was, in this case, no answer to the libel or petition, as the parties designate the pleading filed by the complainants. There is no issue taken upon the allegations of the libel, or petition, and nothing to try except to ascertain the amount of damages. Neither Captain Brady, Mr. Orm, Mr. Dixwell, Augustine Heard & Co., nor any other person, presented himself in any such way as entitled him to be heard in the case, either in the court below or on appeal. They have not merely failed in form, but also in substance, to make themselves parties to the proceedings. It will be seen by reference to any reputable work on admiralty practice, that the first step in the defense in a proceeding in rem in instance causes in courts exercising admiralty jurisdiction, is, the interposition of a claim to the property libelled. The claim should be made by a party authorized to set up a defense—the owner, either in person, or by his agent, or by the agent of a foreign government, whose subjects are interested in the property in question. Dunl. Adm. Prac. 153; 2 Conk. Adm. 543; Ben. Adm. § 461. "In such suits," observes Mr. Justice Story, "the claimant is an actor, and is entitled to come before the court in that character only, in virtue of his proprietary interest in the thing in controversy; this alone gives him a persona standi in judicio. It is necessary that he should establish his right to that character, as a preliminary to his admission as a party ad litem, capable of sustaining the litigation. He is, therefore, in the regular and proper course of practice, required, in the first instance, to put in his claim upon oath, averring in positive terms his proprietary interest. If he refuses to do so, it is sufficient reason for a rejection of his claim. If the claim be made through the intervention of an agent, the agent is in like manner required to make oath to his belief of the verity of the claim; and if necessary, he may also be required to produce and prove his authority before he can be admitted to put in the claim. If this is not done, it furnishes matter of exception, and may be insisted upon by the adverse party, for the dismissal of the claim." U. S. v. 422 Casks of Wine, 1 Pet. [26 U. S.] 549.

The claim should state the facts showing the right of the party to intervene, that is to say, the ownership of the property, in a direct and issuable form. In the language of Mr. Benedict: "No set form of words is necessary to form a claim. In this, as in other pleadings, the court looks to the substance, rather than the form. It must state, that the party is the true and bona fide owner of the interest which he represents, and that no other person is the owner thereof. It must be verified by the oath of the party or his agent or consignee; when it is verified by the oath of an agent or consignee, he must also swear that he is authorized to do so by the owner, or if the property be, at the time of the arrest, in the possession of the master of a ship, that he is a lawful bailee thereof for the owner." Ben. Adm. § 461. The document coming nearest to a claim, is a protest signed by George Brady. It does not purport to be a claim, and is not one, either in form or substance. It alleges nothing directly, or in an issuable form, as to the ownership of the vessel; but simply recites that, "whereas the said vessel was, on or about the twenty-fourth day of June, 1871, sold and transferred by the owner thereof unto the Hong Kong, Canton and Macao Steamship Company (Limited) being a British joint stock company, duly incorporated," etc., and then on behalf of said corporation, protests against the action and the exercise of jurisdiction by the consul, not on account of the insufficiency of the libel, but by reason of the said recitals.

The document, such as it is, is not verified. It is not a claim, in any sense, upon which the said corporation was entitled to defend, or be heard, had it attempted to do so. The owner of the ship in his own name in person, or by his agent, should have filed a claim in such a form, that issue could be taken on it, then if the facts had been admitted, or proved upon denial, the claimant would have been entitled to defend, and would have become a party to the action, and entitled to act as such in all subsequent proceedings. The mere putting in of a claim is not a defense to the action, but it gives the claimant the status of a party. This is its office. After putting the claim in, and thus becoming entitled to be heard for his interest, the claimant must put before the court the grounds of his defense, in suitable allegations, so that the court, and the opposite party, may be informed of the grounds of the defense. Ben. Adm. § 465 et seq.

The consular court is a court of limited jurisdiction, and all the jurisdictional facts must be alleged in the libel, petition or complaint, otherwise it will be insufficient. If the libel or petition fails to show the facts which authorize the court to take jurisdiction under the statute, or if, for any other reason, it fails to appear upon the facts stated in the libel, or complaint, that the party filing is not entitled to any relief, the claimant after filing his claim, and becoming a party to the proceeding, may file exceptions in the nature of a special demurrer, pointing out the particulars in

which the libel or petition fails to show jurisdiction or any ground for relief. Or if there is no defect in the libel or petition, and the matters showing a want of jurisdiction, or other defense do not appear on the face of the libel, they must be set up by direct affirmative allegations in an issuable form, by way of plea, or answer. The claims, exceptions, and other matters of defense, however, may be united in the answer, at the option of the party intervening for the protection of his own interest; but this is not the best practice. Ben. Adm. c. 26; Dunl. Adm. Prac. cc. 6, 8; 2 Conk. Adm. 577 et seq. I have been thus particular in referring, briefly, to the practice, and to the works, where the proper practice in cases of this kind may be readily found, for the reason that the proceedings in this class of cases do not appear to be well understood by litigants at Canton, and the proceedings in this case, have, consequently been very irregular. This is probably owing to the scarcity of books, and the absence of members of the legal profession at Canton. By consulting some one, or more of the works referred to, the mistakes, that have occurred in this case may be avoided in the future. As the jurisdiction conferred upon consuls is highly important, the importance of procuring some reputable works on admiralty practice cannot be overestimated.

On the view taken, the court has not acquired jurisdiction of the case, and, of course, any inquiry into the merits is precluded. I feel it my duty, however, to suggest, that the libel or petition itself appears to be defective, in not stating the facts necessary to give the consular court jurisdiction under the acts of congress, and the treaty between the United States and the empire of China. It is nowhere alleged in the petition, or libel, that the steamer Spark, is an American vessel, nor are any facts alleged, by which it can be seen, that the consular court has jurisdiction.

The jurisdictional facts as before mentioned, must all be distinctly averred.

It appears from what has been said, and from the authorities cited, that no claimant of the ship appears in the record in any form that entitles him to be heard; that there is no party defendant, other than the ship—the rem—and no appeal taken in any form by any party appearing to be entitled to appeal, or in any name other than that of the ship, also, that no appeal can be taken in the name of the ship alone. There is, therefore, no valid appeal, and the appeal must be dismissed. So, also, the record fails to show any allowance of an appeal, or any citation to the adverse party, and it is not suggested, that there is any diminution of the record in these particulars. There being neither an allowance of the appeal, nor a citation disclosed by the record, the fact of the existence of the one cannot be inferred from the other. There are numerous other subordinate points made which I do not find it necessary to discuss. Let the appeal be dismissed with costs.